IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DONNA B. TUCKER,

    Plaintiff,

vs.                                                                                CASE NO. CV-09-J-0046-S

MIDLAND CREDIT
MANAGEMENT, INC., et al.,

    Defendants.

## MEMORANDUM OPINION

Pending before the court is defendant Midland Credit Management, Inc.'s ("Midland") motion to dismiss (doc. 12) and brief in support of said motion (doc. 13). Plaintiff filed a response to the motion (doc. 19). Defendant Midland filed a reply (doc. 21). Plaintiff sued defendant Midland for violating both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). Plaintiff also brings state law claims of intentionally publishing false and defamatory information regarding plaintiff; negligence, malice, wantonness, recklessness, and/or intentional conduct regarding the reporting of plaintiff's account, the investigation of plaintiff's account, and the refusal to properly update plaintiff's account; invasion of plaintiff's privacy; and intentional, reckless, or wanton conduct in seeking to collect the debt from plaintiff

and reporting false information.

Having considered the foregoing, the court finds as follows:

Defendant Midland sued plaintiff in the District Court of Jefferson County, Alabama in September 2008. Complaint at ¶ 10. Defendant Midland alleged that it was the owner of a debt owed by plaintiff. Complaint at ¶ 11. The case resulted in a judgment in favor of plaintiff.[1] Complaint at ¶ 15. Defendant Midland, however, continued to report to defendant credit reporting agencies, Equifax Information Services, Inc. ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union"), that plaintiff owed defendant Midland a debt and was in default. Complaint at ¶ 18. After the judgment in favor of plaintiff, plaintiff notified defendants Equifax, Experian, and Trans Union in writing, stating that defendant Midland's account should be deleted from plaintiff's credit report. Complaint at ¶¶ 23-24. Defendants Equifax, Experian, and Trans Union eventually notified defendant Midland of plaintiff's dispute, but allegedly did not include all of the relevant information, such as the notification of the state court judgment in plaintiff's favor. Complaint at ¶¶ 27-28. As a result, plaintiff alleges that "[a]ll [d]efendants failed to properly investigate these disputes." Complaint at ¶ 29.

---

[1] The judgment was final and not appealed. Complaint at ¶¶ 38-39. Additionally, the time for appeal has expired. Complaint at ¶ 40.

Plaintiff alleges that these errors were more than mere mistakes, but resulted from a conscious practice of defendant Midland and the named credit reporting agencies designed to force consumers to pay balances they do not owe.  Complaint at ¶¶ 48-50.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted.  To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).[2]  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

"When considering a motion to dismiss, all facts set forth in the plaintiff's

---

[2] The Supreme Court in *Bell Atl. Corp. v. Twombly* abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*. *See Bell Atl. Corp.*, 127 S. Ct. at 1968 (quoting *Conley*, 355 U.S. 41, 45-46 (1957)).  The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp.*, 127 S. Ct. at 1969.

complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  All "reasonable inferences" are drawn in favor of the plaintiff.  *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).  "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."  *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory."  *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citation omitted).  With these standards in mind, the court considers each of the plaintiff's claims.

*Private Right of Action and the FCRA*

Plaintiff argues that defendant Midland's failure to conduct a proper and lawful reinvestigation of plaintiff's favorable judgment in state court resulted in a violation of the FCRA, causing injuries and damages to plaintiff.  Complaint at ¶¶ 73-75. Defendant Midland argues that there is no private right of action under the FCRA

against Midland–a "furnisher of information."[3] Motion to Dismiss Brief at 5. Defendant Midland states that enforcement of § 1681s-2(a) of the FCRA, which sets out the furnisher's duty to provide accurate information, is "vested solely with state and federal regulators."[4] Motion to Dismiss Brief at 7. Plaintiff, however, does not contest this. Rather, plaintiff seeks relief under § 1681s-2(b) of the FCRA,[5] a

---

[3] Defendant Midland meets the description of a "furnisher" under the FCRA. 15 U.S.C. § 1681s-2(a)(2)(A) does not expressly define a furnisher, but it appears to be "[a] person who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer." "Although the term 'furnisher of information' is not defined within the FCRA, common sense dictates that the term would encompass an entity . . . which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies." *Carney v. Experian Information Solutions, Inc.*, 57 F.Supp.2d 496, 501 (W.D. Tenn. 1999).

[4] 15 U.S.C. § 1681s-2(d) provides that "[s]ubsection (a) of this section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials and the State officials identified in that section."

[5] The aforementioned section enumerating the furnisher's duties provides as follows:

> (b) Duties of furnishers of information upon notice of dispute
>
> (1) In general
>
> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall --
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency;

provision requiring the furnisher to fulfill certain duties upon notice of the dispute. Plaintiff's Response at 4. Defendant Midland specifically relies on a district court case from Tennessee, *Carney v. Experian Information Solutions, Inc.*, 57 F.Supp.2d 496, 502 (W.D. Tenn. 1999), to support its proposition that § 1681s-2(b) of the FCRA, like § 1681s-2(a), also fails to provide individual consumers with a private

---

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly --

    (i) modify that item of information;

    (ii) delete that item of information; or

    (iii) permanently block the reporting of that item of information.

(2) Deadline

A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i(a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

15 U.S.C. § 1681s-2(b).

right of action. Motion to Dismiss Brief at 10. However, the Eleventh Circuit Court of Appeals has held that there is a private right of action under § 1681s-2(b). This court also holds that § 1681s-2(b) provides plaintiff with a private right of action.

A recent unpublished decision issued by the Eleventh Circuit, *Green v. RBS National Bank*, 288 Fed. Appx. 641, 642 (11th Cir. 2008), stated that the "FCRA does provide a private right of action for a violation of § 1681s-2(b), but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency." Other circuits have also recognized a private cause of action under § 1681s-2(b). *See Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) (examining the legislative history of the FCRA and concluding that a private right of action exists under § 1681s-2(b)); *Saunders v. Branch Banking and Trust Co. of Va.*, 526 F.3d 142, 149 (4th Cir. 2008) (stating that the "FCRA explicitly bars private suits for violations of § 1681s-2(a), but consumers can still bring private suits for violations of § 1681s-2(b)"). Furthermore, a number of district courts have found a private right of action under § 1681s-2(b). In *Gravlee v. Midland Credit Management, Inc.*, Exhibit A to Plaintiff's Response, Judge Coogler held that "[i]n expressly removing a private right of action under § 1681s-2(a), it is evident that the unmentioned private right of action under § 1681s-2(b) remains. Case law supports this conclusion." *Gravlee* at 7. Other cases finding a private right of action under §

1681s-2(b) include *Lofton-Taylor v. Verizon Wireless*, 2006 WL 3333759, *5 (S.D. Ala. 2006) (recognizing a private right of action under § 1681s-2(b)), *Bosarge v. T-Mobile USA, Inc.*, 2008 WL 725017, *3 (S.D. Ala. 2008) (same), and *Knudson v. Wachovia Bank, N.A.*, 513 F.Supp.2d 1255, 1258 (M.D. Ala. 2007) (same). After considering plaintiff's allegations regarding defendant Midland's duties and the language of § 1681s-2(b), defendant Midland's motion to dismiss plaintiff's FCRA claim is denied.

*FDCPA Violations*

Defendant Midland asserts that plaintiff has failed to allege any facts that would constitute a violation of the FDCPA. Motion to Dismiss Brief at 12. Instead, defendant Midland maintains that the conduct alleged, even if true, consists of violations under the FCRA and not the FDCPA. *Id*. Section 1692e of the FDCPA states that "the following conduct is a violation of this section:"

\* \* \* \*

(2) The false representation of --

    (A) the character, amount, or legal status of any debt; or

\* \* \* \*

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e. Because plaintiff has alleged that defendant Midland intentionally reported a disputed debt in order to collect monies to which it was not entitled (complaint at ¶¶ 48-50) defendant Midland's motion to dismiss the FDCPA claims is denied.

*State Law Claims*

Plaintiff's state law claims against defendant Midland include intentionally publishing false and defamatory information regarding plaintiff (complaint at ¶ 77); negligence, malice, wantonness, recklessness, and/or intentional conduct regarding the reporting of plaintiff's account, the investigation of plaintiff's account, and the refusal to properly update plaintiff's account (complaint at ¶¶ 78, 82); invasion of plaintiff's privacy (complaint at ¶ 83); and intentional, reckless, or wanton conduct in seeking to collect the debt from plaintiff and reporting false information (complaint at ¶ 84). Defendant Midland argues that "any state law claims against a furnisher pertaining to its reporting and investigative duties are preempted" by the FCRA. Motion to Dismiss Brief at 20-21.

Section 1681t(b)(1)(F) of the FCRA states as follows:

(b) General exceptions

No requirement or prohibition may be imposed under the laws of any State--

> (1) with respect to any subject matter regulated under--
>
> > * * * *
>
> > (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply–
> >
> > > (i) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or
> > >
> > > (ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996);

15 U.S. C. § 1681t(b)(1)(F).  Section 1681h(e) of the FCRA, pertaining to limitation of liability, is also relevant to plaintiff's state law claims.  It provides that:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).  Based on these two provisions, district courts have taken varying approaches.  *Compare Jaramillo v. Experian Information Solutions, Inc.*, 155 F.Supp.2d 356, 361-62 (E.D. Pa. 2001) (holding that § 1681t(b)(1)(F) supercedes §

1681h(e) entirely), *with Woltersdorf v. Pentagon Federal Credit Union*, 320 F.Supp.2d 1222, 1226 (N.D. Ala. 2004) (holding that both sections are to be given effect, and the more limited liability of "§ 1681h(e) appl[ies] both before and after a consumer reporting agency notifies a furnisher of information about a consumer dispute," while "the absolute bar of the newer § 1681t(b)(1)(F) applies only *after a consumer reporting agency* notifies the furnisher of credit information of a consumer dispute"), *and McCloud v. Homeside Lending*, 309 F.Supp.2d 1335, 1341 (N.D. Ala. 2004) (holding that § 1681h(e) applies to common law tort claims, and § 1681t(b)(1)(F) applies to state statutory claims).

This court finds that the approach taken by the *McCloud* court will also be applied in this case:

> The courts adopting this approach first look to the language of § 1681h(e), which specifically references "any action or proceeding in the nature of defamation, invasion of privacy, or negligence." 15 U.S.C. § 1681h(e). As the specified causes of action comprise a non-exclusive list of torts that might arise from false or inaccurate credit reports, § 1681h(e) is deemed by these courts as applying to any state-law causes of action that may be classified as "torts." Contrastingly, § 1681t(b)(1)(F) appears to deal only with state statutory regulation of credit reporting. This is evidenced by the fact that the two state statutory schemes specifically excluded from the ambit of § 1681t(b)(1)(F) - *i.e.*, section 54A(a) of Chapter 98 of the Massachusetts Annotated Laws, and section 1785.25(a) of the California Civil Code - address inaccurate or incomplete information in a credit report. Thus, under the third approach, § 1681h(e) applies only to torts, while § 1681t(b)(1)(F) applies only to state statutory regulation of credit

reporting practices and procedures.

*McCloud*, 309 F.Supp.2d at 1341 (citing *Carlson v. Trans Union, LLC*, 259 F.Supp.2d 517, 521 (N.D. Tex. 2003)). Since all of plaintiff's state law claims against defendant Midland are common law tort claims, § 1681h(e) must be applied. Claims of "defamation, invasion of privacy, or negligence" related to the furnishing of information to credit reporting agencies are barred, unless the furnisher provided false information "with malice or willful intent to injure" plaintiff. 15 U.S.C. § 1681h(e). "[G]iven the pleadings, it is not beyond doubt that the plaintiff could prove facts supporting all of her asserted claims for relief." *See Woltersdorf*, 320 F.Supp.2d at 1227 (providing an example where a negligence claim is not preempted if the furnisher acted willfully or maliciously).

For the foregoing reasons, it is **ORDERED** by the court that defendant Midland's motion to dismiss be and hereby is **DENIED**.

**DONE** and **ORDERED** this the 26th day of February, 2009.

*/s/ Inge Prytz Johnson*

INGE PRYTZ JOHNSON

U.S. DISTRICT JUDGE